IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

FILED

MAR 25 2013

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| LEONARD ROBERTS, | Cause No. CV 12-186-M-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MARTIN FRINK, Warden, Montana State Prison; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondent. | |

On November 16, 2012, Petitioner Leonard Roberts filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Roberts is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

1

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolaus"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). Consideration under Rule 4 "may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases. "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.*; *see also* 28 U.S.C. § 2243.

## II. Background

In the early morning hours of October 2, 2005, Roberts was pulled over by a Stevensville police officer for driving without headlights on a city street. A breath test indicated his blood-alcohol content was 0.258. Roberts was on probation at the time, in Ravalli County Cause No. DC 02-173, for a felony conviction for driving under the influence of alcohol ("DUI").

Based on the October 2005 incident, Roberts was again convicted of DUI – his eleventh offense – and criminal endangerment. He was sentenced to five years for

2

DUI and ten for criminal endangerment, consecutive, with all time suspended. In April 2009, the State filed a petition to revoke his fifteen-year suspended sentence for that offense. On July 9, 2009, Roberts was sentenced to serve 15 years in the custody of the Department of Corrections with no time suspended. *See* Findings and Recommendation (doc. 10) at 1-4, *Roberts v. Law*, No. 10-146-M-DWM-JCL (D. Mont. Feb. 8, 2011).

On December 23, 2010, Roberts filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2254. He asserted that convicting and sentencing him for both DUI and criminal endangerment constituted double jeopardy; that both charges could not be filed under state law; that counsel promised to have the criminal endangerment charge dismissed at a later time; and that counsel should have raised these claims on direct appeal. Findings and Recommendation at 4-5. On January 3, 2011, Roberts was ordered to show cause why his federal petition should not be dismissed with prejudice as time-barred. As part of his response, he asserted that he mailed a petition for postconviction relief to the Attorney General and the prosecutor, who failed to file it with the trial court. Because his own exhibit showed that he did not mail the postconviction petition to the trial court, and because he mailed it too late anyway, this assertion did not prevent application of the time bar. *Id.* at 7-8. Roberts's federal petition was dismissed with prejudice as time-barred on April 18,

3

2011. Order Adopting Findings and Recommendation (doc. 12) at 3.

Subsequently, in September of 2011, Roberts mailed a petition for postconviction relief to the trial judge. On December 8, 2011, he filed it in the trial court. It was dismissed as untimely. Roberts appealed. On October 9, 2012, the Montana Supreme Court affirmed its dismissal. Order at 3-4 ¶¶ 5-8, *Roberts v. State*, No. DA 12-0256 (Mont. Oct. 9, 2012), *cited in* Pet. (doc. 1) at 4 ¶ 10.

### III. Roberts's Claims

In the instant petition, Roberts alleges "prosecutorial misconduct" led to the dismissal of his postconviction petition. Pet. at 4 ¶ 13A. He also alleges that his attorney made him a false promise to get him to sign the plea agreement, *id.* at 5 ¶ 13B, that there was no criminal endangerment and he was sentenced twice for the "same transaction," *id.* at 9 ¶ 13C, and that appellate counsel should have raised these claims on direct appeal, *id.* ¶ 13D.

On February 4, 2013, Roberts filed a brief to support his allegations of "double jeopardy and wrongful conviction of criminal endangerment." Supp. (doc. 6).

### IV. Analysis

As to Roberts's first claim, there was no prosecutorial misconduct. Roberts – not the prosecutor, the Attorney General, or the trial judge – was required to file the petition in the trial court. He simply failed to do so until it was much too late. Even

4

assuming this claim is adequately connected to Roberts's custody, it fails to allege a violation of federal law and should be dismissed. 28 U.S.C. § 2254(a).

Roberts's other claims were brought in his previous federal petition. The Court lacks jurisdiction even to consider them. 28 U.S.C. § 2244(b)(1), (3); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).[1]

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th

---

[1] In addition, the merit of these claims is doubtful. *See* Findings and Recommendation at 8-9, *Roberts*, No. 10-146-M-DWM-JCL.

5

Cir. 2000) (quoting *Slack*, 529 U.S. at 484).

Here, there is no doubt about the correctness of the procedural, jurisdictional ruling. Most of Roberts's claims were made in his first federal petition. The lone new claim does not allege a violation of federal law, because a prosecutor is not required to deliver a petitioner's documents to the clerk of court for filing. There are no open questions and nothing on which reasonable jurists could disagree. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The first claim should be DISMISSED for failure to state a claim and the remainder of the claims should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Roberts may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date

entered as indicated on the Notice of Electronic Filing. If Roberts files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Roberts from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Roberts must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 25th day of March, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

7