FILED

JUN 12 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LEONARD ROBERTS,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN FINK, Warden, Montana State Prison; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 12-186-M-DLC-JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah Lynch issued findings and recommendations to dismiss Petitioner Leonard Roberts' complaint on March 25, 2013. (Doc. 7.) Petitioner timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). (Doc. 9.) The parties are familiar with the procedural history of this case, so it will not be repeated here.

Petitioner Roberts' petition alleges his Fifth and Sixth Amendment due process rights were violated by prosecutorial misconduct, double jeopardy, and ineffective assistance of counsel. Judge Lynch finds Petitioner Roberts' prosecutorial misconduct claim to be without merit. Further, Judge Lynch finds

1

the Court lacks jurisdiction to consider Mr. Roberts' other claims, which were brought in his previous federal petition. (Doc. 7.); 28 U.S.C. § 2244(b)(1), (3); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). In his objection to Judge Lynch's findings and recommendation, Petitioner Roberts repeats his allegations of prosecutorial misconduct, double jeopardy and ineffective assistance of counsel. (Doc. 10.) As noted by Judge Lynch, Petitioner Roberts' claim of prosecutorial misconduct is without merit. Mr. Roberts was responsible for timely filing his petition in the trial court, not the prosecutor, the Attorney General, or the trial judge. Mr. Roberts simply filed his petition too late.

Petitioner Roberts correctly points out that *Houston v. Lack* and *State v. Roullier* stand for the proposition that filing occurs once a petition is delivered, even if that petition is mistakenly filed. *Houston v. Lack*, 487 U.S. 266, 108 (1988); *State v. Roullier*, 1999 MT 37, 293 Mont. 304, 308. However, this is irrelevant to Petitioner Roberts' allegations of prosecutorial misconduct, because the Attorney General, the prosecutor, and the trial judge have no duty to file a petition on Mr. Roberts' behalf. Petitioner Roberts fails to allege a violation of federal law that would constitute prosecutorial misconduct. As such, this claim should be dismissed. 28 U.S.C. § 2254(a).

Petitioner Roberts' claims of double jeopardy and ineffective assistance of

counsel were raised in his previous federal petition. Pursuant to 28 U.S.C. § 2244(b)(1), (3), this Court lacks jurisdiction to consider those issues.

A certificate of appealability is not warranted, because Petitioner Roberts has failed to make a "substantial showing of a constitutional right." 28 U.S.C. § 2253(c)(2). No reasonable jurist could disagree with the district court's resolution of the constitutional claims or "conclude the issues presented are adequate to deserve encouragement to further proceed." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Furthermore, the procedural and jurisdictional ruling in this case was, without doubt, correct. *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack*, 529 U.S. at 484). Accordingly,

IT IS HEREBY ORDERED:

Judge Lynch's findings and recommendations (doc. 7) are ADOPTED in full. Plaintiff Roberts' Petition (doc. 1) is DENIED. The Clerk of Court is directed to enter by separate document a judgment of dismissal. A certificate of appealability is DENIED, because Roberts' claims are without merit.

Dated this 12th day of June 2013.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court